UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: MICHAEL LYON,

1:21-CV-6120 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Michael Lyon, currently held in the Chemung County Jail, brings this *pro se* action asserting claims arising from his conditions of confinement in that jail. For the following reasons, the Court transfers this action to the United States District Court for the Western District of New York.

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Lyon alleges that the events giving rise his claims took place in Chemung County, New York, which lies in the Western District to New York. *See* 28 U.S.C. § 112(d). Because Lyon does not allege that a defendant resides in this district or that a substantial part of the events or omissions giving rise to his claims arose in this district, venue is not proper in this Court under § 1391(b)(1) or (2). Because Plaintiff's claims arose in Chemung County, in the Western District of New York, venue lies in the United States District Court for the Western District of New York,

*see* 28 U.S.C. § 1391(b)(2), and this Court transfers this action to that court, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court further directs the Clerk of Court to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 19, 2021
        New York, New York

                                               /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                          Chief United States District Judge